IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| ███████ Cai, | Case No. 1:25-cv-14595 |
|---|---|
| Plaintiff, | **FILED UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 26.2** |
| v. | |
| ███████████████████████, | **COMPLAINT** |
| Defendant. | |

# COMPLAINT

**FILED UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 26.2**

Plaintiff ███████ Cai (hereinafter, "Plaintiff") hereby brings the present action against ███████████████████████ (hereinafter, "Defendant") and alleges as follows:

## I. INTRODUCTION

Plaintiff brings this action against the Defendant for the alleged infringement of Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's registered Copyright (hereinafter, the "Asserted Copyright"). Defendant operates an e-commerce store on the ████████ and uses that store to market, distribute, offer for sale, and sell infringing products, that looks almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendant's actions constitute an infringement upon Plaintiff's Asserted Copyright.

## II. PARTIES

1. Plaintiff ███████ Cai ("Plaintiff") is an individual residing in Shenzhen, China. Plaintiff operates an online e-commerce shop on ██████ under the storefront name ███████████████████████ Plaintiff's shop is engaged in the business of marketing, distributing, and selling ████████ products globally, including within the

Northern District of Illinois. One of Plaintiff's key products is ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ ("Plaintiff's Product").

2. Plaintiff is the owner of a registered copyright ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ A true and accurate copy of the copyright registration certificate is attached as **Exhibit 1**.

3. Defendant is a Chinese company located in Shenzhen, Guangdong Province, China. Defendant operates ▇▇▇▇▇▇ storefront under the name ▇▇▇▇▇▇ through which it markets, distributes, and sells ▇▇▇▇▇▇ products to consumers in the United States, including within the Northern District of Illinois. One of Defendant's products is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ("Infringing Product"), which infringes Plaintiff's Asserted Copyright.

4. Defendant has offered and sold the Infringing Products through its ▇▇▇▇▇▇ storefront operating under the name ▇▇▇▇▇▇▇▇ The Infringing Product listing is further linked to the storefront ▇▇▇▇▇▇▇▇ which ultimately links back to Defendant, thereby confirming the connection. True and correct copies of the relevant screenshots evidencing these links are attached as **Exhibit 2**.

5. Defendant conducts its illegal operations through a fully interactive commercial storefront hosted on ▇▇▇▇▇▇▇▇ (hereinafter, the "Infringing Storefront"). Defendant targets consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois and the Northern District of Illinois. Plaintiff's attorney went into defendant's ▇▇▇▇▇▇ storefront and ordered an infringing product, and thus defendant's ▇▇▇▇▇▇ store confirmed a sale with shipment to an Illinois address. See **Exhibit 3** for the order screenshot. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

6. This is a civil action for copyright infringement under the laws of the United States, 17 U.S.C. § 501 *et seq*.

## IV. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendant is an entity subject to personal jurisdiction in this District. Defendant directly targets business activities toward consumers in the United States, including Illinois, through its fully interactive Amazon storefront, and has offered for sale and, on information and belief, has sold and continues to sell infringing products to consumers in this District.

## V. GENERAL FACTS

9. In 2023, Plaintiff obtained a copyright registration for ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.

10. Plaintiff is the owner of all rights, title, and interest in and to U.S. Copyright Registration No. ▬▬▬▬▬, entitled ▬▬▬▬▬." The ▬▬▬▬▬ was duly filed and registered in 2023 with the United States Copyright Office, with an effective date of April 18, 2023. The Asserted Copyright is valid, subsisting, and enforceable, and protects the original artistic expression embodied in Plaintiff's ▬▬▬ design.

11. Since that time, Plaintiff has continuously used the Asserted Copyright in connection with ▬▬▬▬▬▬▬▬▬▬▬▬▬. Plaintiff owns and uses the design as part of its copyrighted works and has consistently asserted its rights in this design since the registration date.

12. Plaintiff has distributed and sold ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in commerce in the United States since 2023, has continuously used the design since that time, and has not abandoned the work.

13. In May 2024, Plaintiff, through its ▬▬▬ storefront ▬▬▬▬▬

███████ listed for sale ███████ on the ██████ platform, which incorporates the Asserted Copyright.

14. Plaintiff's Product has received an average rating of 4.9 out of 5 based on 880 global ratings, demonstrating its popularity in the marketplace and the high level of customer satisfaction.

15. As a result of Plaintiff's use, promotion, and marketing of ███████ ███████, together with substantial sales of those products, Plaintiff has established considerable goodwill in its copyrighted work, which serves as a valuable and recognizable source identifier for Plaintiff's products.

16. Plaintiff is engaged in the business of marketing, distributing, and selling ██████ products throughout the world, including within the Northern District of Illinois.

17. Recently, Plaintiff discovered that Defendant was operating a fully interactive and active e-commerce storefront on ██████, through which it was promoting, advertising, marketing, distributing, offering for sale, and selling products using Plaintiff's Asserted Copyright without authorization. Defendant's ██████ storefront, operating under the name "███████," is identified as the source of the infringing products.

18. The Asserted Copyright has never been assigned or licensed to the Defendant in this matter.

19. Defendant has had full knowledge of Plaintiff's ownership of the Asserted Copyright, including its exclusive right to use and license such intellectual property.

20. Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce storefront on ██████ that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Illinois.

21. Defendant knowingly and willfully imports, distributes, offers for sale, and sells Infringing Products through its ▬▬ storefront. Without any authorization or license from Plaintiff, Defendant has knowingly and willfully offered for sale, sold, and imported into the United States for resale or use the same product that directly and indirectly infringes Plaintiff's Asserted Copyright. Defendant's ▬▬ storefront offers shipping to the United States, including Illinois.

22. The first image below shows the Asserted Copyright, the second image shows Plaintiff's Product embodying the Asserted Copyright, and the third image shows Defendant's Infringing Product.

[Redacted]

23. Defendant's Infringing Product is substantially similar to Plaintiff's Product, and the unauthorized copying is apparent.

24. Without Plaintiff's authorization, Defendant has copied, reproduced, and publicly displayed designs that are substantially similar to Plaintiff's original design. These designs appear on the surface of ▬▬ sold in Defendant's ▬▬ storefront and are used in digital images for product marketing and promotion. The copied elements include the overall arrangement, style, and ornamental features of Plaintiff's ▬▬ design. The visual similarities between Defendant's product design and Plaintiff's copyrighted work indicate direct copying rather than independent creation.

25. Defendant's sales of infringing copies of Plaintiff's Products violate Plaintiff's intellectual property rights and are causing irreparable harm to Plaintiff.

26. Defendant's infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights, and has caused Plaintiff to suffer irreparable harm.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT

**(17 U.S.C. § 501 et seq.)**

27. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

28. The ▮▮▮▮▮▮▮ design is an original and creative work in which Plaintiff owns a valid copyright duly registered with the United States Copyright Office.

29. Plaintiff is the owner of a ▮▮▮▮▮▮▮ registered with the United States Copyright Office under Registration No. ▮▮▮▮▮▮▮, dated ▮▮▮▮▮▮▮ (the "Asserted Copyright"). The registered work includes an original and creative ▮▮▮▮▮▮▮ design that embodies unique ornamental features and artistic expression.

30. The Asserted Copyright is valid and enforceable. Plaintiff has not granted Defendant any license or authorization to copy, reproduce, distribute, or publicly display any of the copyrighted works registered under the Asserted Copyright.

31. Without Plaintiff's permission or authorization, and in willful violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, Defendant has unlawfully copied, distributed, reproduced, and publicly displayed visual designs that are substantially similar to Plaintiff's registered works thereby violating one of Plaintiff's exclusive rights in its copyright.

32. The infringing designs appear on products sold by Defendant in the e-commerce store operated by Defendant, including but not limited to ▮▮▮▮ and other products that unlawfully incorporate ornamental elements copied from Plaintiff's works.

33. Defendant's conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 501 *et seq*.

34. Defendant has willfully and deliberately infringed the Asserted Copyright. Defendant's infringement of the Asserted Copyright is obvious, notorious, purposeful, and carried out in disregard of and with indifference to Plaintiff's rights. Defendant has no good faith basis to claim that the Unauthorized Products do not infringe the Asserted Copyright. Such willful infringement, undertaken without regard to Plaintiff's copyright rights, constitutes egregious and wanton conduct sufficient to establish willful

infringement within the meaning of 17 U.S.C. § 504.

35. As a result of Defendant's infringement of Plaintiff's exclusive rights under Title 17 of the U.S. Code, Plaintiff is entitled to recover actual damages and Defendant's profits attributable to the infringement pursuant to 17 U.S.C. § 504.

36. In addition, the Court may, in its discretion, award Plaintiff the full costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

37. Plaintiff is further entitled to injunctive relief to prevent or restrain further infringement of the Asserted Copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

38. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. A judgment against Defendant as to infringement of the claims of Asserted Copyright.

2. An order enjoining Defendant, the officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of infringement of the Asserted Copyright, including but not limited to making, using, selling, offering to sell, importing, copying, displaying, or distributing the infringing products or works;

3. An order directing ▮▮▮▮▮▮ to disable and remove any listings, advertisements, or sales channels operated by Defendant in connection with the infringing products;

4. An order requiring Defendant to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which Defendant has complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendant's infringement of the Asserted Copyright, including actual damages, a reasonable royalty, and disgorgement of profits attributable to the infringement, in amounts to be proven at

trial;

6. An award of statutory damages for willful copyright infringement in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c)(2);

7. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

8. An award of pre- and post-judgment interest as permitted by law;

9. Such other and further relief as the Court may deem just and proper.

Dated: December 2, 2025

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Plaintiff*